IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMILE HARVEY,

   Petitioner,

v.

ASSISTANT WARDEN JEFF NINES,

   Respondent.

Civil Action No.:  PWG-20-803

**MEMORANDUM OPINION**

In response to the above-entitled Petition for Writ of Habeas Corpus Respondent asserts the petition should be dismissed as time barred without a basis for excusing the delay.  ECF No. 14.  Petitioner was given 28 days to file any opposition to the Answer but has filed nothing further.  The issues having been fully briefed, no hearing is necessary.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the petition shall be dismissed and a certificate of appealability shall not issue.

**BACKGROUND**

Petitioner Jermile Harvey[1] was convicted following a jury trial in the Circuit Court for Baltimore City in April 2007, on charges of first-degree murder, conspiracy to commit murder, and related weapons offenses.  ECF No. 14-1 at 23-24.  Mr. Harvey filed a direct appeal with the Court of Special Appeals of Maryland and his convictions were affirmed in an opinion dated

---

[1]    Mr. Harvey was tried with co-defendants Janet Johnson and Shaidon Blake for the gang-related torture and murder of Terrance Randolph in April of 2006.  The three co-defendants were members of the gang known as the Bloods; all three were convicted.  *See* ECF No. 14-1 at 23-24.

March 18, 2009.  *Id*. at 23-42 (Court of Special Appeals Opinion).  Mr. Harvey's petition for writ of certiorari was denied by the Court of Appeals on June 12, 2009.  *Id*. at 11.

Mr. Harvey filed a petition for post-conviction relief on May 10, 2010.  ECF No. 14-1 at 12.  After a hearing, the Circuit Court for Baltimore City denied relief on March 1, 2012.  *Id*. at 14.  Mr. Harvey did not file an application for leave to appeal the denial of post-conviction relief, making the decision of the Circuit Court final on April 2, 2012, when the time for filing the application expired.

Mr. Harvey then filed a petition for writ of actual innocence on August 22, 2016, which was dismissed on September 26, 2016.  ECF No. 14-1 at 15.  On February 12, 2018, Mr. Harvey filed a petition for DNA testing which was denied on April 10, 2018.  *Id.*  On March 10, 2018, Mr. Harvey filed a motion to reopen post-conviction proceedings, which the court denied on May 2, 2018.  *Id.* at 16.  Two additional motions to reopen were also denied.  *Id*. at 18-21.

In his Petition for Writ of Habeas Corpus filed with this Court, Mr. Harvey asserts three grounds for relief:

> 1. The lower court failed to acknowledge DNA test.  The petitioner sought to have X-Acto knife and red gas can that the State introduce[d] and identified as possible weapons tested and the results exclude[d] petitioner as contributor of DNA found.
>
> 2. Prosecution witness Detective Fata received DNA results.  State's witness on or about April 9, 2007, did receive DNA results, but failed to turn them over to the Defense.  Also, falsely testified that he did not have results during trial on April 10, 2007.
>
> 3. Prosecution suppressed favorable DNA evidence.  The State presented hearsay evidence that petitioner did use X-acto knife to cut the victim's head, face and neck, but no DNA swabs collected of petitioner had […] been tested at the time of trial on April 10, 2007 MPIA evidence proves test done on 4/4/07.

ECF No. 1 at 5.

## DISCUSSION

As noted, the issue before this Court is whether the petition has been filed beyond the time limits proscribed by 28 U.S.C. § 2244(d) which provides that the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay.

3


*See Harris*, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.  The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708.

Mr. Harvey's conviction became final on September 10, 2009, 90 days after the Maryland Court of Appeals denied his petition for certiorari review.  The limitations period was tolled when Mr. Harvey filed his post-conviction petition on May 10, 2010 and remained tolled through April 2, 2012, when the post-conviction court's judgment became final.  When the limitations period began to run again on April 3, 2010, Mr. Harvey had 123 days left to meet the federal habeas filing deadline, or until August 4, 2010.  He did not file anything with the state courts, however, until August 22, 2016, when he filed a petition for writ of actual innocence.  Mr. Harvey did not file his petition with this Court until March 23, 2020; therefore, it is untimely.

While Mr. Harvey implies that his untimely petition should nevertheless be considered on its merits because he is "seeking to file pursuant to the Gateway Innocence Clause," he has not presented anything beyond this bare assertion that demonstrates actual innocence.  Actual innocence is an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (emphasis in original).  "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *Id*. at 392.  Thus, Mr. Harvey's claims which are concededly time-barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 395 (quoting *Schlup v.*

*Delo*, 513 U.S. 298, 329 (1995)).  In the context of an untimely petition, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Perkins*, 569 at 399.  "It would be bizarre to hold that a habeas petitioner who asserts a convincing claim of actual innocence may overcome the statutory time bar § 2244(d)(1)(D) erects, yet simultaneously encounter a court-fashioned diligence barrier to pursuit of [his] petition." *Id*.  "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. at 392.

Examples of the type of new evidence that have been found to satisfy the actual innocence gateway standard are: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," *House v. Bell*, 547 U.S. 518, 540-41 (2006); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9-10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense and separately boasted to other individuals that he set-up the petitioner); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense and five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, *see Garcia v. Portuondo*, 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004).  *See generally Schlup*, 513 U.S. at 324 (providing the Supreme Court's statement that

examples of sufficient new reliable evidence for a gateway claim include "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

As noted, Mr. Harvey was granted the opportunity to file a Reply to Respondent's Answer demonstrating why his untimely petition should nevertheless be considered on its merits but has failed to file anything further. His cursory reference to an actual innocence claim does not suffice. Accordingly, the petition shall be denied as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Mr. Harvey may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one). Because Mr. Harvey has not demonstrated either basis for the issuance of a certificate of appealability, the Court declines to issue one.

A separate Order follows.


December 23, 2020                                             _____/S/_____
Date                                                                         Paul W. Grimm
                                                                                   United States District Judge